```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

STEPHEN NEWBOLDS,

             Plaintiff,

v.                                Case No. 8:19-cv-499-T-33CPT

AMICA MUTUAL INSURANCE COMPANY,

             Defendant.

_____/

## **ORDER**

Plaintiff Stephen Newbolds initiated this breach of insurance contract action against Defendant Amica Mutual Insurance Company in state court. (Doc. # 1-1). Thereafter, Amica removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

## **I. Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the

court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

In the Notice of Removal, Amica predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. (Doc. # 1 at 3). "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Amica is a Rhode Island corporation with its principal place of business in Rhode Island, and Newbolds is a citizen of Florida. (Doc. # 1 at 2). However, while Amica has shown that the parties are diverse, Amica has failed to show that the jurisdictional amount has been satisfied.

Although the threshold jurisdictional amount is $75,000, the Complaint only specifies that Newbolds seeks an amount in excess of $15,000. (Doc. # 1-1 at 1). If "the jurisdictional amount is

2

not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the Notice of Removal and attendant documents do not come close to convincing the Court that the jurisdictional amount is met. Specifically, Amica contends the amount in controversy exceeds $75,000 because "the records provided by [Newbolds] prior to the initiation of litigation indicate that [Newbolds] has incurred approximately $29,174.03 in past medical [expenses] . . . which includes multiple cervical epidural lumbar injections." (Doc. # 1 at 3). Yet, other than a patient intake form – which provides no information on Newbolds' alleged injuries or medical expenses – the record before the Court does not include any medical reports or bills. Amica also notes that the undisclosed medical records allegedly state Newbolds "has been considered a possible candidate for a C4-C5 discectomy procedure." (Id.). Again, though, no documentation has been provided to support this assertion. Therefore, the unspecified cost of this hypothetical future medical

3

expense is too speculative to include in the Court's jurisdictional discussion. See Salazar v. Family Dollar Stores of Fla., Inc., No. 8:17-cv-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017) ("Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor.").

Additionally, Amica contends that the amount in controversy exceeds $75,000 because the Complaint states Newbolds has:

> suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of ability to earn money, an aggravation of a previous existing condition, property damage expenses, the loss of use of her vehicle and a diminished value of her vehicle.

(Doc. # 1-1 at 3). However, the Court simply has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. Further, Newbolds has described these categories of damages in such a vague and inexact manner that the Court would be required to engage in rank speculation to ascribe any monetary value to these damages. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014) (remanding case where plaintiff "allege[d] a generic

4

scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses, and permanent injury).

In sum, Amica has failed to carry its burden of establishing the jurisdictional amount in controversy threshold by a preponderance of the evidence. Consequently, this action is remanded for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of March, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5